PEOPLE v. KIDD.

CRIMINAL LAW—EVIDENCE—IDENTIFICATION.
>   Defendant's contention that trial court erred, in prosecution for
>   breaking and entering an occupied dwelling with intent to
>   commit a larceny therein, in allowing into evidence certain
>   exhibits, consisting of a blue denim duffel bag containing
>   toilet articles and a copy of a withholding statement, admit-
>   tedly defendant's, and a brown paper bag containing a man's
>   shirt and trousers, over objection that they were not "well
>   identified," *held*, without merit, where exhibits were sufficiently
>   identified to be admissible (CL 1948, § 750.110, as amended
>   by PA 1964, No 133).

Appeal from Berrien; Zick (Karl F.), J. Submitted Division 3 November 10, 1966, at Grand Rapids. (Docket No. 1,898.) Decided March 28, 1967.

John David Kidd was convicted of breaking and entering an occupied dwelling with intent to commit a larceny therein. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *John T. Hammond*, Prosecuting Attorney, and *Harry J. Creager*, Assistant Prosecuting Attorney, for the people.

*Grathwohl & Grathwohl (Casper O. Grathwohl*, of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTE
20 Am Jur, Evidence § 287.

McGREGOR, P. J. Appellant, charged with breaking and entering an occupied dwelling with intent to commit a larceny therein,* was tried and convicted thereof by a jury. During the trial, people's exhibits #2 and #3 were received in evidence over appellant's objection that they were not "well identified." Exhibit #2 was a blue denim duffel bag containing toilet articles and a copy of a withholding statement with the name of John O. Kidd printed on it. Exhibit #3 was a brown paper bag containing a man's shirt and a pair of trousers. The appellant, at the trial, testified that the withholding statement belonged to him and that it was his social security number thereon, that the personal effects, such as the razor found in the duffel bag, belonged to him, but denied ownership of the bag, giving a tenuous explanation that some other fellow, whose name he did not know except as "Slim," who had at noon on the day in question left the same place of employment with the appellant, had had possession of the articles when the appellant and this other fellow separated on the highway.

The record shows that one James Sides, who lived alone, returned to his rural home at about 2:30 p.m. on August 20th, found the glass in the back door broken out, saw that a small transistor radio (people's exhibit #1) was missing from his home, the refrigerator door was open, a quart of milk sat in the living room, but he didn't see any one. He went to his telephone and called the sheriff, and while talking on the phone was hit over the head, he fell, someone reached in his back pocket, took his wallet, and as he started to rise, he was "clouted" again. The back door then slammed and shortly, some one tried to start Sides' truck. He picked up a shotgun and found the appellant in his truck. He

---

* CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305), as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

covered the appellant with the shotgun; upon hearing a car and thinking it was the sheriff's, he turned to look and the appellant ran into some nearby tall weeds. Mr. Sides testified that he found the articles identified as people's exhibits #2 and #3 in his backyard in the weeds, and that he took them to the sheriff's department.

A neighbor of Mr. Sides, who lived about a mile away, testified that he found the transistor radio (exhibit #1) on his fruit farm, after a man walked out of his grape patch as a police car approached. A deputy sheriff was in the car, and at that time apprehended the man, the appellant herein, on this neighbor's farm, which neighbor later brought the transistor radio to the sheriff's office.

The appellant denied breaking into the house or hitting a man over the head, or taking a wallet or a radio. He admitted that the personal effects, such as the razor in the duffel bag, belonged to him; defendant's counsel admitted during the jury charge that there was no real dispute of the fact that a breaking and entering of an occupied dwelling with intent to commit a larceny was committed, but contended that while the appellant had been in the vicinity he was innocent of the charge.

The appellant contends that the admission of people's exhibits #2 and #3 denied him due process of law guaranteed to him by the United States and Michigan Constitutions, in that such exhibits were not properly identified.

Mr. Sides testified in substance that he located people's exhibits #2 and #3 on August 20, 1965, the day the offense occurred. He further testified that he brought these items to the sheriff's department; he identified the exhibits as the items found on August 20th in his backyard. He was asked by neither the prosecutor nor the defense counsel

as to when he turned these items over to the sheriff's officers.

A detective in the sheriff's department testified that the duffel bag with the withholding statement and other personal items was brought into his office on August 27th, that he could not account for their whereabouts from the 20th of August to August 27th, except "just what I was told," that they were given to him by another member of the sheriff's department. No further questioning or explanation pertaining to this period of time appears, in the record. These articles may have been in Mr. Sides' possession during the week or he may have left them with another deputy sheriff. At the trial, Mr. Sides properly identified the questioned exhibits as the items found in his yard, in the weeds. These items were circumstantial evidence offered in support of Mr. Sides' identification of the appellant. The claim of the appellant is without merit. These exhibits were sufficiently identified as to be admissible.

Affirmed.

BURNS and NEWBLATT, JJ., concurred.